## CIRCUIT COURT OF THE CITY OF ROANOKE

Peggy A. Musselman
and BOBS, Inc.

v.

The Glass Works, L.L.C., et al.

August 23, 1999

Case No. CL98-1000

BY JUDGE ROBERT P. DOHERTY, JR.

The parties entered into a contract that contained an apparent ambiguity. The first page of the agreement indicated that the purchasers were to pay $515,000.00 to purchase the majority of the assets of a going business. The later pages of the contract further explained the purchase price and assigned certain amounts of it to the down payment, to the moneys to be paid at closing, to a note, and to a five-year non-competition agreement to be entered into by three key employees. The contract also explained the terms of the contemplated non-competition agreement in some detail. Thereafter, each key employee signed a separate non-competition agreement. All funds agreed upon were paid at closing, the note signed and delivered, and the assets transferred. The three key employees did not compete and, as per their agreement, began receiving specific monthly payments. Before the expiration of the five-year non-compete term, one of the key employees died. The purchaser immediately ceased paying the contractual monthly payment called for in the decedent's non-competition agreement, claiming that it was a personal services contract which ceased and became unenforceable at the key employee's death. The key employee's estate argues that the original contract was for a sale of assets only, as set forth at the beginning of the agreement, and that a portion of the purchase money was assigned to a non-competition agreement as a subterfuge merely to allow the purchaser to claim a lower book value for the assets he purchased. The Court finds in favor of the purchaser.

If a contract contains an ambiguity, the Court will look to the four corners of the document for its true meaning. It is subject to the standard rules of construction. Generally, "the provisions of a contract should be construed together and those which appear to conflict should be harmonized whenever it is reasonably possible." *Chantilly Constr. Corp. v. Department of Highways & Transp.*, 6 Va. App. 282, 293 (1988). "Any apparent inconsistency between a clause that is general and broadly inclusive in character, and a clause that is more specific in character, should be resolved in favor of the latter." *Chantilly* at 294. Here the parties used general language to describe the agreement as an asset purchase in order to evidence in writing that they were not buying a going concern with all of its potential liabilities. The contract then precisely set forth, and explained in some detail, that contrary to the initial declaration, the purchase price was to be divided in such a way that part of it was to be used as consideration for three non-competition agreements. Using only the rules of construction, the specific language of the agreement makes it abundantly clear that the parties intended a portion of the funds paid to be used as consideration for the non-competition agreements, and not solely for the purchase price of the assets.

Although not necessary for this determination, the parol evidence stipulated by the parties indicated that three separate non-competition agreements were prepared, signed, and complied with until the key employee's death. The addition of these facts buttresses the Court's finding and supports the unmistakable conclusion that the parties intended separate contracts and separate consideration for the non-competition agreements.

The only issue left unresolved is whether a non-competition agreement is a personal services contract that ceases and becomes unenforceable upon the death of the person agreeing not to compete. This question is one of first impression in Virginia. The agreement made is a negative promise on a reasonable restraint of trade. It is designed to prevent the promisor from engaging in unfair competition and taking away the promisee's trade, as certainly contemplated under the terms of an agreement whereby the purchaser buys the majority of the incidents of the seller's business. According to 5A *Corbin on Contracts* § 1393 (1964), when dealing with a non-competition agreement, "[s]ince the promised performance is a personal forbearance, the obligation can never extend beyond the promisor's own life." In Virginia, "the facts and circumstances of each particular case will be taken into consideration in determining whether the contract is purely personal in its nature, and therefore terminated by the death of the party." *Moore v. Crutchfield, Adm'x,* 136 Va. 20, 25 (1923). Upon the facts and circumstances of this case, the non-competition agreement is a personal services contract and terminated upon the

death of the person promising personal forbearance. Defendant does not owe compensation on the personal services contract after the date of the decedent's death.